IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CINCINNATI INSURANCE
COMPANY,
    Plaintiff,                      )
                                       )
v.                                     )    CIVIL ACTION NO. 17-00535-N
                                       )
ADAMS HOMES, LLC, *et al.*,    )
    Defendants.               )

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] On December 1, 2017, Plaintiff Cincinnati Insurance Company ("Plaintiff"), "a company incorporated and organized under the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio," (Doc. 1 at 2, ¶ 1) initiated this action by filing a Complaint with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. § 2201 as the bases for jurisdiction. (Doc. 1). On December 15, 2017, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). (Doc. 10) The Amended Complaint includes the same grounds for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] Upon review of the Amended Complaint (Doc. 10), the

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

undersigned finds that the Plaintiff must correct the following deficiencies in its allegations supporting subject matter jurisdiction:

1.　　Plaintiff alleges that Defendant Adams Homes, LLC "is a limited liability company organized and existing under the laws of the State of Alabama, doing business in Baldwin County, Alabama. According to the Alabama Secretary of State website, the sole member of Adams Homes, LLC is Adams Homes of Northwest Florida, Inc. According to the Florida Secretary of State website, the principal address of Adams Homes of Northwest Florida, Inc. is 3000 Gulf Breeze Parkway, Gulf Breeze, FL 32563." (Doc. 10 at 2, ¶ 2) Though the Amended Complaint alleges the "principal address" of Adams Homes, LLC's member corporation, it does not allege the member corporation's state of incorporation or principal place of business. *See* 28 U.S.C. § 1332(c)(1) (generally, for purposes of diversity jurisdiction a corporation is generally deemed a citizen of "every State and foreign state by which it has been incorporated **and** of the State or foreign state where it has its principal place of business" (emphasis added)); *See also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004)( "…[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen.").

2. Plaintiff alleges that Defendant Butler & Associates of Pensacola, Inc. "is a corporation organized and existing under the laws of the State of Florida, conducting substantial business in Baldwin County, Alabama." (Doc. 10 at 2, ¶ 3). Though Plaintiff alleges that this corporation was organized and exists under the laws of the State of Florida, Plaintiff has not alleged the corporation's principal place of business.

3. In the Amended Complaint, Plaintiff alleges that newly added Defendant RLI Insurance, Company "is a corporation organized and existing under the laws of the State of Illinois," but has not alleged this Defendant's principal place of business. (Doc. 10 at 2, ¶ 4).

4. The Amended Complaint also identifies eight individual defendants indicating, "William B. Dobbins, Jr., E Renee Dobbins, Nicholas Norsworthy, Michelle Norsworthy, Louis C. Lee, Emmanuella J. Lee, James D. Stallworth and Ruth Ann Stallworth are all individual residents of Baldwin County, Alabama." (Doc. 10 at 2, ¶ 5). Thus, Plaintiff has only alleged the state of residence for these eight Defendants. The Eleventh Circuit Court of Appeals has repeatedly stressed that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio*, 735 F.3d at 1269 ("As we indicated in remanding this

case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x. 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x. 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). *See also Travaglio*, 735 F.3d at 1269

(" 'Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely....' " (quoting *McCormick,* 293 F.3d at 1257-58 (internal quotation marks omitted)) (internal citation omitted)); *Mas,* 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.")).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file, no later than **Tuesday, January 16, 2018**, an amended complaint that corrects the above deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint shall reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action.[3]

---

[3] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*,

6

- The Plaintiff must file the amended complaint as a freestanding pleading and not as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken. Moreover, the failure to file an amended complaint as ordered will result in entry of a recommendation that the Court dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**DONE** and **ORDERED** this the **2nd** day of **January 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").